IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EDGAR FLORES,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**<br><br>Case No. 2:21-cv-00236-RJS<br><br>Chief District Judge Robert J. Shelby |

Before the court is Plaintiff Edgar Flores's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence.[1]  For the reasons explained below, the Motion is DENIED.

## BACKGROUND

On May 28, 2014, Flores was charged in a three-count Indictment with violations of: (1) 21 U.S.C. § 841(a)(1): possession of heroin with intent to distribute, (2) 18 U.S.C. § 924(c)(1)(A): use of a firearm in furtherance of a drug trafficking crime, and (3) 18 U.S.C. § 922(g): alien in possession of a firearm.[2]  On August 4, 2014, Flores filed a Motion to Suppress, which was denied.[3]  Flores later entered into a Rule 11(c)(1)(C) plea agreement in which he agreed to plead guilty to Counts One and Two, and the United States agreed to dismiss Count Three.[4]  Under the plea agreement, the parties agreed to a sentence of 210 months imprisonment, followed by deportation to Mexico.[5]  After sentencing Flores appealed the denial of his Motion

---

[1] Dkt. 1 (Flores's § 2255 Motion).

[2] Case No. 2:14-cr-00260-RJS (Underlying Criminal Case) Dkt. 1 (Indictment).

[3] *See* Underlying Criminal Case Dkt. 10 (Motion to Suppress); Dkt. 36 (Memorandum Decision and Order Denying Motion to Suppress).

[4] Underlying Criminal Case Dkt. 42 (Statement in Advance of Plea) at 5.

[5] *Id.* at 4–5.

to Suppress to the United States Court of Appeals for the Tenth Circuit.[6]  The Tenth Circuit

affirmed Flores's conviction in a mandate issued March 2016.[7]

Flores now seeks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on

the grounds of ineffective assistance of counsel, because his counsel "advised [him] to plead

guilty to a legally insufficient charge of section 924(c)."[8]  Specifically, Flores argues his counsel

was ineffective in advising him to plead guilty to Count Two "when the facts of the case . . .

show[] the firearm was not 'actively employed,'" and "therefore, [were] legally insufficient to

warrant the charge."[9]  Flores asks the court to vacate the conviction and sentence relating to

Count Two of the Indictment, and "remand for resentencing with the 60 month consecutive

sentence."[10]

The United States advances four arguments in opposition to Flores's motion: first, that

the motion is untimely; second, that the claim was not raised during his direct appeal and thus is

procedurally barred; third, that the ineffective assistance of counsel (IAC) claim fails on the

merits, and finally, that Count Two was legally sufficient.[11]

For reasons explained below, the court agrees with the United States that the Motion is

untimely and procedurally barred, and thus cannot be considered by the court.

## ANALYSIS

Under § 2255, a federal prisoner may move the court to vacate, set aside, or correct his

sentence.  The prisoner bears the burden of showing: (1) his sentence was unlawful, (2) the court

---

[6] Underlying Criminal Case Dkt. 57 (Notice of Appeal).

[7] Underlying Criminal Case Dkt. 66 (Mandate of the United States Court of Appeals).

[8] Flores's § 2255 Motion at 5.

[9] *Id.* at 15.

[10] *Id.* at 13.

[11] Dkt. 6 (Opposition) at 7–14.

lacked jurisdiction to impose the sentence, (3) the sentence exceeded the maximum authorized

by law, or (4) the sentence is otherwise subject to a collateral attack.[12]

The court recognizes that Flores is proceeding pro se.  "A pro se litigant's pleadings are

to be construed liberally and held to a less stringent standard than formal pleadings drafted by

lawyers."[13]  However, this "does not relieve [Flores] of the burden of alleging sufficient facts on

which a recognized legal claim could be based."[14]

## I.   The Motion is Untimely

Collateral attacks to a sentence brought under § 2255 are subject to a one-year period of

limitation.[15]  The limitation period runs from the latest of:

**(1)** the date on which the judgment of conviction becomes final;

**(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

**(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[16]

Here, Flores's § 2255 Motion—filed on April 16, 2021[17]—is untimely regardless of

which trigger applies.  First, the date of final judgment Flores now challenges was March 4,

---

[12] 28 U.S.C. § 2255(a).

[13] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

[14] *Id.*

[15] 28 U.S.C. § 2255(f).

[16] 28 U.S.C. § 2255(f)(1)–(4).

[17] *See* Dkt. 1.

2016, the date the Tenth Circuit affirmed his conviction.[18]  The time to challenge his conviction

ended on June 2, 2017, one year after Flores's 90-day window to file a petition for certiorari with

the Supreme Court passed.[19]  Second, Flores does not claim the government unlawfully impeded

his filing of a § 2255 motion.  Third, Flores does not claim the Supreme Court recently

recognized a new right.  Fourth, because Flores does not offer any new evidence or change in the

controlling law, there is no later date on which the facts supporting his claim could have been

discovered.

Flores states that his § 2255 Motion "wasn't filed within one year because of the waiver

in the plea agreement in regards to post-conviction. However, the Movant's case and claim is

one of Inef[f]ective Assistance of Counsel, which is subject to collateral review, as it was/is a

violation of the U.S. Constitution."[20]  Flores misunderstands the conditions of the plea agreement

as well as the statute of limitations applicable to § 2255 petitions.  True, Flores's plea agreement

contained a conditional guilty plea for Count One of the Indictment, which specifically preserved

his right to appeal the court's denial of his Motion to Suppress pursuant to Rule 11(a)(2) of the

Federal Rules of Criminal Procedure.[21]  Flores seems to argue that because there was no

conditional guilty plea provision for Count Two of the Indictment, his right to appeal the

conviction on Count Two was waived.  It is true that a direct attack on the conviction for Count

Two based on an appeal of the Motion to Suppress was barred by the plea agreement.  However,

appeals in general were not barred.  The plea agreement stated that "18 U.S.C. § 3742(a) sets

---

[18] *See* Mandate of United States Court of Appeals.

[19] *Clay v. United States*, 537 U.S. 522, 525 (2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); *see also* Sup. Ct. R. 13(1) (setting 90-day window to file a petition for a writ of certiorari).

[20] Flores's § 2255 Motion at 12.

[21] Statement in Advance of Plea at 4.

forth the circumstances under which [Flores] may appeal [his] sentence."[22]  Moreover, a

collateral attack brought under § 2255 was not waived by the agreement.  A § 2255 motion can

be made on the grounds that the sentence was imposed in violation of the Constitution,[23] and that

argument, just like any other ground for seeking relief under § 2255, is controlled by the one-

year statute of limitations.[24]  That Flores waited four years after the statute of limitations ran is

fatal to his claim.[25]

Flores's Motion implicates one recognized exception to the one-year statute of

limitations: a plea of actual innocence.[26]  Flores does not expressly argue for actual innocence as

an exception to the statute of limitations, but because he rests his IAC argument on "counsel

[encouraging Flores] to plead guilty to a deficient charge of 924(c),"[27] the court liberally

construes Flores's argument as an actual innocence claim.

Actual innocence is a "severely confined category: cases in which new evidence shows it

is more likely than not that no reasonable juror would have convicted the petitioner."[28]  In

*McQuiggin v. Perkins*, the Supreme Court remanded a case for further consideration of an actual

innocence claim when a habeas petitioner sought to present new evidence: three affidavits, each

prepared in the years following his conviction, which tended to show another party was

responsible for the murder petitioner had been convicted for.[29]  In *Fontenot v. Crow*, the Tenth

---

[22] *Id.* at 3.

[23] 28 U.S.C. § 2255(a).

[24] 28 U.S.C. § 2255(f).

[25] The court observes Flores makes no argument for equitable tolling, and no extraordinary circumstances that might support equitable tolling are apparent in the materials before the court.

[26] *See McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013).

[27] Flores's § 2255 Motion at 5.

[28] *McQuiggin*, 569 U.S. at 395 (internal citation and quotation omitted).

[29] *Id.* at 389–90.

Circuit held an actual innocence claim was sufficient to overcome the one-year statute of limitations when petitioner presented "five categories of newly discovered evidence," the result of a discovery motion, ultimately revealing the case against petitioner had been "extremely weak."[30]

Here, Flores points to no new evidence showing it is more likely than not that no reasonable juror would have convicted him for possession in furtherance of a drug trafficking crime. Instead, his argument is that, based on the existing evidence, he never should have been charged nor convicted under § 924(c) in the first place.

Specifically, Flores argues that even if he meets the standards for the "possession" prong of § 924(c) as a gun was found in his possession at the time of his arrest, the facts and evidence were "insufficient" to show he possessed the firearm "in furtherance" of a drug trafficking crime.[31] Flores recites the legislative history of § 924(c), arguing it was not meant to punish possession alone, or, in other words, not intended to cover "every possession of a firearm by one who also is a drug trafficker."[32] To illustrate this point, Flores cites a case in which the defendant was convicted "after police found a loaded pistol inside a locked bag in the trunk of his car and cocaine in the car's passenger compartment," and the Supreme Court overturned his conviction.[33] Flores argues his own case presents the "same set of facts."[34] He maintains "the evidence established that Flores was in a rental car returning it to the rental car company, no drug

---

[30] *Fontenot v. Crow*, 4 F.4th 982, 1012–13, 1052 (10th Cir. 2021).

[31] Flores's § 2255 Motion at 21.

[32] *Id.* at 23–24.

[33] *Id.* at 25 (citing *Bailey v. United States*, 516 U.S. 137 (1995)).

[34] Flores also cites *United States v. Matthews* for the proposition that the "during and in relation to" requirement of 924(c) "necessitates some direct connection between the firearm and the drug offense." Flores's § 2255 Motion at 26 (citing *United States v. Matthews*, 942 F.2d 779 (10th Cir. 1991)).

activity was in play. The firearm was in the center console, at most this is constructive possession, and the drugs were found locked in the trunk of the vehicle."[35]  He argues there is no specific evidence establishing the gun was there "in furtherance of" the drug crime, and there is no record evidence "connecting the gun to any drug transaction."[36]  At most, Flores contends, the facts show only that a drug dealer possessed a gun.[37]

The United States rejoins that the unrebutted presentence report states that Flores was the driver of the vehicle, and that: "under the driver's seat, officers recovered two baggies of methamphetamine and a bag with $1000 cash.  In the center console, officers located a .25-caliber handgun.  The gun had six rounds; one of the rounds was chambered.  In the trunk of the vehicle officers located a backpack which contained 1,641 grams of heroin.  The defendant acknowledged ownership of the backpack."[38]  The United States cites the Tenth Circuit case *United States v. King*, in which the defendant acknowledged distribution of drugs and contended possession of a weapon in the trunk of the vehicle was too removed from his immediate possession to be in furtherance of a drug trafficking crime under § 924(c).[39]  The Court of Appeals disagreed, explaining that "a firearm that is kept available for use if needed during a drug transaction is possessed in further of drug trafficking, because such possession does not necessarily require use as long as such possession is in furtherance of the intent of the drug trafficker."[40]  The United States also cites a case in which the Tenth Circuit observed the placement of a loaded, semi-automatic weapon near the driver's seat of the car in close proximity

---

[35] Flores's § 2255 Motion at 26.

[36] *Id.*

[37] *Id.*

[38] Opposition at 12 (citing Underlying Criminal Case Dkt. 40 (Presentence Investigation Report) ¶¶ 3–4).

[39] *Id.* at 13 (citing *United States v. King*, 632 F.3d 646, 656–57 (10th Cir. 2011)).

[40] *King*, 632 F.3d at 657 (internal citation and quotation omitted).

7

to the instrumentalities of drug dealing provided a sufficient factual basis for a § 924(c)

conviction.[41]

The court agrees with the United States that under the evidence and controlling law, the §

924(c) charge is not "legally insufficient." Unlike the defendants in *Bailey* and *King*, whose

guns were kept in the trunk, Flores's gun was loaded and readily available in the center console.

Flores was also found with drugs and admitted they belonged to him. Moreover, Flores has not

identified any new evidence that suggests a different result, much less "new evidence showing it

is more likely than not that no reasonable juror would have convicted him." Accordingly, Flores

cannot demonstrate actual innocence as an exception to the one-year statute of limitations.

Because Flores filed his petition four years after the deadline, has not argued for the

application of the doctrine of equitable tolling, and has not demonstrated that a claim of actual

innocence requires an exception to the one-year limitation, his Motion is time-barred and cannot

be considered.

## II.      The Motion is Procedurally Barred

While the late filing of Flores's Motion prevents the court from considering it, the United

States is also correct that Flores's IAC claim is procedurally barred because it was not raised

during his direct appeal to the Tenth Circuit.[42] A claim not raised on direct appeal can only be

heard if there is cause for the failure to file a direct appeal on the topic and prejudice attributable

to that cause.[43] "[T]he mere fact that counsel failed to recognize the factual or legal basis for a

claim, or failed to raise the claim despite recognizing it, does not constitute cause for a

---

[41] Opposition at 14 (citing *United States v. Lott*, 310 F.3d 1231, 1248 (10th Cir. 2002)).

[42] *See, e.g.*, *Bousley v. United States*, 523 U.S. 614, 622 (1998) (petitioner procedurally defaulted claim when he failed to contest the validity of his plea on appeal). While actual innocence is also an exception to procedural default, *see id.*, as discussed, Flores has not made the necessary showing for actual innocence.

[43] *Murray v. Carrier*, 477 U.S. 478, 485 (1986) (citations omitted).

procedural default."[44]  Rather, "cause" requires showing an external impediment that prevented a

petitioner from raising a claim.[45]  "Actual prejudice" requires a showing that the "entire" case

was infected with error.[46]

A defendant can establish cause for procedural default by showing he received IAC.[47]

While Flores does not argue IAC was the cause of procedural default, he does argue that his

assistance of counsel was ineffective because he was "advised to plead guilty to a legally

insufficient charge of § 924(c)."  Liberally construing Flores's pro se Motion, the court will

determine if Flores's IAC argument provides cause for his procedural default.

To succeed on an IAC claim, a petitioner must establish: (1) deficient performance by

counsel, which requires "showing that counsel made errors so serious that counsel was not

functioning as the 'counsel' guaranteed by the Sixth Amendment," and (2) that counsel's

deficient performance prejudiced petitioner's defense.[48]  When reviewing an IAC claim, there is

a "strong presumption that counsel provided effective assistance, and a [habeas petitioner] has

the burden of proof to overcome that presumption."[49]

Here, there is no indication based on the record that Flores's counsel's performance was

so deficient it prejudiced his defense.  First, in his plea colloquy with the court, Flores

acknowledged the legal and factual sufficiency of the plea agreement, and that he understood he

would receive a sentence of 210 months, which would help resolve his two outstanding state

---

[44] *Id.* at 486.

[45] *Id.* at 492.

[46] *United States v. Frady*, 456 U.S. 152, 169 (1982).

[47] *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995) (*abrogated on other grounds by Neill v. Gibson*, 278 F.3d 1044, 1057 n.5 (10th Cir. 2001)).

[48] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[49] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (internal citation and quotation omitted).

cases.[50]   Moreover, as discussed above, it does not appear the § 924(c) charge was legally

insufficient, therefore, Flores's counsel was not deficient by advising him to plead guilty to the §

924(c) charge.   Indeed, given binding precedent interpreting § 924(c), it was not "deficient" for

counsel to advise Flores to plead guilty to a charge in circumstances closely resembling cases in

which § 924(c) convictions were upheld.[51]   Finally, there is no apparent prejudice suffered by

Flores based on the alleged IAC.   As noted in the plea colloquy, Flores's guilty plea helped

resolve pending state charges.   If he had not accepted the plea bargain, Flores would not have

benefitted from the resolution of his state cases.[52]   Without more, Flores has not demonstrated

that his counsel advising him to accept the guilty plea to Count Two constituted IAC.

Because Flores has not demonstrated IAC, and there is no other explanation offered for

his failure to raise this issue on direct appeal, Flores's failure to challenge his guilty plea to

Count Two on procedurally bars it from habeas review.[53]

---

[50] Underlying Criminal Case Dkt. 77 (Transcript of Change of Plea and Sentencing Hearing) 11:2–18:4.

[51] *See, e.g.*, *Bousley*, 523 U.S. at 622; *Lott*, 310 F.3d at 1248; *King*, 632 F.3d at 657.

[52] Transcript of Change of Plea and Sentencing Hearing 15:2–15:10.

[53] Because Flores's § 2255 petition is both time-barred and procedurally barred, the court cannot reach the merits of Flores's petition.  The court will briefly note that, as discussed, because Flores did not demonstrate either that he received assistance of counsel that was so deficient it prejudiced his entire case, nor that the § 924(c) charge was legally insufficient, his petition would likely not succeed on the merits even if it were properly before the court.

## CONCLUSION

For the reasons explained above, Flores's Motion[54] is DENIED.  The clerk of court is directed to close the case.

SO ORDERED this 24th day of January, 2022.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[54] Dkt. 1.